1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Cynthia Ann De Camp,                    )   CIV 15-2235-PHX-MHB
                                            )
10           Plaintiff,                     )   **ORDER**
                                            )
11  vs.                                     )
                                            )
12  Carolyn W. Colvin, Commissioner of the  )
    Social Security Administration,         )
13                                          )
             Defendant.                     )
14  _____)

15          Pending before the Court is Plaintiff Cynthia Ann De Camp's appeal from the Social

16  Security Administration's final decision to deny her claim for supplemental security income.

17  After reviewing the administrative record and the arguments of the parties, the Court now

18  issues the following ruling.

19                          **I. PROCEDURAL HISTORY**

20          In March 2012, Plaintiff filed an application for supplemental security income

21  alleging disability beginning February 17, 2012. (Transcript of Administrative Record ("Tr.")

22  at 11, 192-97.) Her application was denied initially and on reconsideration. (Tr. at 11, 84-

23  118.) Thereafter, Plaintiff requested a hearing before an administrative law judge. (Tr. at 11,

24  130.) A hearing was held on April 29, 2014, (Tr. at 11, 32-69), and the ALJ issued a decision

25  finding that Plaintiff was not disabled (Tr. at 8-31). The Appeals Council denied Plaintiff's

26  request for review (Tr. at 1-7), making the ALJ's decision the final decision of the

27  Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42

28  U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court must affirm the ALJ's findings if the findings are supported by substantial evidence and are free from reversible legal error. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see Reddick, 157 F.3d at 720.

In determining whether substantial evidence supports a decision, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Reddick, 157 F.3d at 720. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d at 720-21.

## III. THE ALJ'S FINDINGS

In order to be eligible for disability or social security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An ALJ determines a claimant's eligibility for benefits by following a five-step sequential evaluation:

(1)  determine whether the applicant is engaged in "substantial gainful activity";

(2)  determine whether the applicant has a medically severe impairment or combination of impairments;

(3)  determine whether the applicant's impairment equals one of a number of listed impairments that the Commissioner acknowledges as so severe as to preclude the applicant from engaging in substantial gainful activity;

(4) if the applicant's impairment does not equal one of the listed impairments, determine whether the applicant is capable of performing his or her past relevant work;

(5) if the applicant is not capable of performing his or her past relevant work, determine whether the applicant is able to perform other work in the national economy in view of his age, education, and work experience.

See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). At the fifth stage, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful work. See Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 20, 2012 – the application date. (Tr. at 13.) At step two, he found that Plaintiff had the following severe impairments: mood and anxiety disorders. (Tr. at 13-14.) At step three, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Commissioner's regulations. (Tr. at 14-15.) After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity "to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to performing positions involving only simple routine, repetitive tasks. In addition, she is unable to perform such tasks in a fast-paced environment. Additionally, she is limited to only occasional interactions with supervisors and coworkers, and further limited to brief, intermittent and superficial public contact. She can attend and concentrate in two hour blocks of time throughout an eight-hour work day, with the two customary ten to fifteen minute breaks, and a thirty to sixty minute lunch period."[1] (Tr. at 15-24.) The ALJ found that Plaintiff has no past relevant work, but, considering her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. at 24-25.)

---

[1] "Residual functional capacity" (or "RFC") is defined as the most a claimant can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.

1  Thus, the ALJ concluded that Plaintiff has not been under a disability since March 20, 2012

2  – the date the application was filed. (Tr. at 25.)

3  **IV. DISCUSSION**

4  In her brief, Plaintiff contends that the ALJ erred by failing to properly weigh medical

5  source opinion evidence. Specifically, Plaintiff argues that the ALJ failed to give appropriate

6  weight to the opinions of examining psychologists Sean Samuels, Psy.D., and Kari Coelho,

7  Psy.D. Plaintiff also contends that the ALJ failed to give appropriate weight to the SMI

8  (Seriously Mentally Ill) Determination completed by Darwyn Chern, M.D.

9  "The ALJ is responsible for resolving conflicts in the medical record." Carmickle v.

10  Comm'r, Soc. Sec. Admin., 533 F.3d at 1164. Such conflicts may arise between a treating

11  physician's medical opinion and other evidence in the claimant's record. In weighing medical

12  source opinions in Social Security cases, the Ninth Circuit distinguishes among three types

13  of physicians: (1) treating physicians, who actually treat the claimant; (2) examining

14  physicians, who examine but do not treat the claimant; and (3) non-examining physicians,

15  who neither treat nor examine the claimant. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

16  1995). The Ninth Circuit has held that a treating physician's opinion is entitled to

17  "substantial weight." Bray v. Comm'r, Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)

18  (quoting Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)). A treating physician's

19  opinion is given controlling weight when it is "well-supported by medically accepted clinical

20  and laboratory diagnostic techniques and is not inconsistent with the other substantial

21  evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(d)(2). On the other hand, if

22  a treating physician's opinion "is not well-supported" or "is inconsistent with other

23  substantial evidence in the record," then it should not be given controlling weight. Orn v.

24  Astrue, 495 F.3d 624, 631 (9th Cir. 2007).

25  If a treating physician's opinion is not contradicted by the opinion of another

26  physician, then the ALJ may discount the treating physician's opinion only for "clear and

27  convincing" reasons. See Carmickle, 533 F.3d at 1164 (quoting Lester, 81 F.3d at 830). If

28  a treating physician's opinion is contradicted by another physician's opinion, then the ALJ

1   may reject the treating physician's opinion if there are "specific and legitimate reasons that

2   are supported by substantial evidence in the record." Id. (quoting Lester, 81 F.3d at 830).

3        Since Drs. Samuels and Coelho were contradicted by other objective medical evidence

4   of record, the specific and legitimate standard applies.

5        Historically, the courts have recognized the following as specific, legitimate reasons

6   for disregarding a treating or examining physician's opinion: conflicting medical evidence;

7   the absence of regular medical treatment during the alleged period of disability; the lack of

8   medical support for doctors' reports based substantially on a claimant's subjective complaints

9   of pain; and medical opinions that are brief, conclusory, and inadequately supported by

10  medical evidence. See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Flaten

11  v. Secretary of Health and Human Servs., 44 F.3d 1453, 1463-64 (9th Cir. 1995); Fair v.

12  Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

13       In his consideration of the objective medical evidence, the ALJ first explained that

14  beginning in May of 2009 through June of 2013, Plaintiff was examined and evaluated by

15  a number of psychologists. The ALJ found that during these examinations, Plaintiff reported

16  having no difficulty managing personal finances and stated that she is able to prepare meals,

17  do light housework, take care of her own laundry, and check email. The ALJ noted that one

18  of the examiners, Albert Fink, Ph.D., found no evidence of psychotic symptoms; a dysphoric

19  mood, which does not appear to be an impediment to functioning; and that she is anxious,

20  which does not appear as an impediment to her ability to function as well. This same

21  examiner assessed Plaintiff with a GAF score of 70, generally indicating some mild

22  symptoms or some difficulty in social, occupational, or school functioning, but generally

23  functioning pretty well and having some meaningful relationships.

24       Next, the ALJ addressed the findings of Dr. Coelho, who noted that Plaintiff appeared

25  to have good ability to understand and remember simple instructions. Dr. Coelho stated that

26  there were no symptoms that would suggest she would struggle to remember detailed

27  instructions and work like procedures. However, Dr. Coelho also found that it was

28  questionable whether Plaintiff would be able to maintain regular attendance at a job, as she

1   has never been consistently employed. Dr. Coelho indicated that Plaintiff prefers to isolate,

2   demonstrates poor impulse control, has low frustration tolerance, and exhibits poor decision

3   making to the extent it could interfere with her ability to respond appropriately to changes

4   in a work setting and take appropriate actions. However, the ALJ also noted that Dr. Coelho

5   opined that Plaintiff was able to sufficiently communicate and maintain eye contact, as well

6   as, maintain basic standards of neatness. Dr. Coelho concluded that the Plaintiff's prognosis

7   is fair, although she should continue to participate in more consistent outpatient mental health

8   treatment and she would probably also benefit from individual therapy to address her mood

9   instability, her interpersonal difficulties, and various losses that she has sustained over her

10  life.

11          In his evaluation of Dr. Samuels' findings, the ALJ first noted that Dr. Samuels found

12  Plaintiff's insight was within normal limits; her immediate memory appeared intact; and she

13  demonstrated that she would be able to learn, remember and comprehend simple instructions.

14  However, Dr. Samuels also opined that given her lack of employment history it was difficult

15  to identify the type of setting Plaintiff would be able to manage, and there was some question

16  regarding her ability to attend to, concentrate on, and complete simple tasks, which would

17  be marginalized by the intensity and frequency of psychological symptoms. Dr. Samuels

18  additionally determined that when Plaintiff was required to operate outside her day-to-day

19  routine, she appeared to experience a significant increase in symptoms of anxiety, and

20  concluded that with her level of functioning it was difficult to believe Plaintiff could operate

21  in an unskilled work setting.

22          Regarding the state agency physicians, specifically, Eric Penner, Ph.D., the ALJ

23  stated, "[b]ased on the evidence, the undersigned concludes the State agency adequately

24  considered the evidence of record and great weight is given to the opinions because they are

25  consistent with the record as a whole. More specifically, the State agency physicians'

26  assessments are consistent with the treatment notes generally and consistently indicating the

27  claimant oriented to person, place and time, with normal psychomotor, gait, posture, as well

28  as unremarkable thought content, logical and sequential thought process, intact memory,

average and above average intellectual functioning, fair insight and judgment, although with questionable and limited attention or concentration at times."

The ALJ gave Dr. Samuels' opinion "lesser weight" than the other examiners noting that Dr. Samuels' assessment of Plaintiff's functioning were primarily based on Plaintiff's subjective reports, as well as, Plaintiff's daughter's reports. The ALJ also found that Dr. Samuels' assessment was inconsistent with the assessments of Drs. Fink, Penner, and portions of Dr. Coelho's opinion. The ALJ determined that the other doctors' assessments are consistent with the treatment notes, indicating that Plaintiff is oriented to person, place and time, with normal psychomotor, gait, posture, as well as, unremarkable thought content, logical and sequential thought process, intact memory, average and above average intellectual functioning, fair insight and judgment, although questionable and limited attention or concentration. The ALJ continued stating that the other examiners' findings were consistent stating that Plaintiff did well on her MSEs, exhibits normal and logical thought processes, clear speech, intact memory, no evidence of psychotic symptoms, and a good ability to understand and remember simple instructions. The ALJ found that although the treatment notes indicate that Plaintiff has had episodes of depression with suicidal ideations and plans, those episodes concur with her lack of compliance and alcohol abuse.

The Court finds that the ALJ set out a detailed and thorough summary of the facts and conflicting evidence, properly weighed the medical source opinion evidence related to Plaintiff's alleged impairments, and gave specific and legitimate reasons, based on substantial evidence in the record to support his findings. The ALJ properly discredited the opinions of Dr. Samuels and Dr. Coelho (to the extent said opinion is contradictory to the record as a whole) due to inconsistencies with Plaintiff's medical evidence as a whole. The ALJ also reasoned that Dr. Samuels' opinion was primarily based on self-reports. See, e.g., Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) (citing Fair, 885 F.2d at 605) (An ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible.); Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (incongruity between treating doctor's

1  questionnaire responses and her medical records provided a specific and legitimate reason
2  for rejecting the doctor's opinion of claimant's limitations); Connett v. Barnhart, 340 F.3d
3  871, 875 (9th Cir. 2003) ("We hold that the ALJ properly found that [the physician's]
4  extensive conclusions regarding [the claimant's] limitations are not supported by his own
5  treatment notes. Nowhere do his notes indicate reasons why [the physician would limit the
6  claimant to a particular level of exertion]."); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th
7  Cir. 2001) (holding that the ALJ properly rejected a physician's testimony because "it was
8  unsupported by rationale or treatment notes, and offered no objective medical findings to
9  support the existence of [the claimant's] alleged conditions"); Batson v. Comm'r of Soc.
10  Sec., 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physicians' opinions
11  that are conclusory, brief, and unsupported by the record as a whole, or by objective medical
12  findings); Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("We have held that the ALJ
13  may permissibly reject check-off reports that do not contain any explanation of the bases of
14  their conclusions.").

15        Therefore, the Court finds no error.

16        As to Plaintiff's assertion that the ALJ failed to give appropriate weight to the SMI
17  (Seriously Mentally Ill) Determination completed by Darwyn Chern, M.D., the Court again
18  is not persuaded.

19        Disability determinations by other government agencies are not binding on the
20  Commissioner. See 20 CFR § 404.1504; Social Security Ruling 06-03p. This rule applies
21  even where the standards for obtaining disability benefits through another agency are more
22  rigorous than the standards applied by the Social Security Administration. See Wilson v.
23  Heckler, 761 F.2d 1383, 1386 (9th Cir. 1985). Therefore, while a state finding of disability
24  can be introduced into evidence in a proceeding for Social Security disability benefits, an
25  ALJ may attribute as much or as little weight to the finding as he or she deems appropriate.
26  See 20 C.F.R. § 404.1504; Little v. Richardson, 471 F.2d 715, 716 (9th Cir. 1972) (state
27  determination of disability was not binding in proceedings on application for Social Security
28  disability benefits).

1       Here, the ALJ found that Plaintiff was determined to have a serious mental illness, and

2   stated that he has taken this into consideration in making his decision. However, the ALJ

3   explained, "a decision indicating that the claimant has a serious mental illness is not the

4   Social Security Administration's decision about whether that individual is disabled. We must

5   make a disability determination based on social security law. Therefore, although the

6   undersigned has taken it into consideration, the determination that the claimant is eligible for

7   treatment due to a serious mental illness is not a decision that she is disabled and is not

8   binding on us. (20 CFR § 404.1504)."

9       The Court concurs that the evidence of record is consistent with Plaintiff's assessed

10  RFC regardless of Plaintiff's SMI designation completed by Dr. Chern. The Court finds that

11  the ALJ provided sufficient reasons supported by substantial evidence for rejecting the

12  assessment.

**V. CONCLUSION**

14      Substantial evidence supports the ALJ's decision to deny Plaintiff's claim for

15  supplemental security income in this case. Consequently, the ALJ's decision is affirmed.

16      Based upon the foregoing discussion,

17      **IT IS ORDERED** that the decision of the ALJ and the Commissioner of Social

18  Security be affirmed;

19      **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment

20  accordingly. The judgment will serve as the mandate of this Court.

21      DATED this 15th day of March, 2017.

Michelle H. Burns
Michelle H. Burns
United States Magistrate Judge